```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
JOHN CHRISTOPHER WOJTASZEK    :   Civ. No. 3:19CV01601(SALM)
                              :
v.                            :
                              :
ANDREW M. SAUL,               :
COMMISSIONER, SOCIAL SECURITY :
ADMINISTRATION                :   June 11, 2020
                              :
------------------------------x
```

## RULING ON CROSS MOTIONS

Plaintiff John Christopher Wojtaszek ("plaintiff"), brings this appeal under §205(g) of the Social Security Act (the "Act"), as amended, 42 U.S.C. §405(g), seeking review of a final decision by the Commissioner of the Social Security Administration (the "Commissioner" or "defendant") denying his application for Supplemental Security Income ("SSI"). Plaintiff has moved to reverse the Commissioner's decision, "or, in the alternative, to reverse and remand the cause for rehearing." Doc. #20 at 1. Defendant has filed a cross-motion seeking an Order remanding to the Commissioner for rehearing [Doc. #21], to which plaintiff has filed a response, [Doc. #22]. On May 29, 2020, the Court held oral argument on the parties' cross motions. [Docs. #23, #26].[1]

---

[1] At oral argument, plaintiff argued that this matter could be decided at step three and remanded solely for an award of benefits. However, absent a reversal and award of benefits on

1

For the reasons set forth below, plaintiff's Motion to Reverse the Decision of the Commissioner and/or to Remand to the Commissioner [**Doc. #20**] is **GRANTED, in part**, to the extent plaintiff seeks a remand for further administrative proceedings. Defendant's Motion for an Order Remanding the Decision of the Commissioner [**Doc. #21**] is **GRANTED**, as follows.

The Court remands this matter to the Commissioner for further administrative proceedings. An Administrative Law Judge will conduct a new hearing, at which he or she will accept new evidence, including additional medical opinion evidence if necessary. The ALJ will re-weigh the medical opinion evidence of record. The ALJ will consider each of the errors claimed by plaintiff in his motion to reverse and/or remand, including the materiality of his substance use disorders. The ALJ will thereafter issue a new decision.

---

that basis, plaintiff alternatively argued that there are other errors that would warrant a remand for further administrative proceedings. See Docs. #20-1, #22. Defendant concedes that the ALJ erred at step two by failing to consider plaintiff's cervical spine impairments. Although in his motion defendant contends that the ALJ did not err with respect to the drug and alcohol abuse ("DAA") materiality decision, see Doc. #21-1 at 6-11, at oral argument, defendant stated that he does not take any position with respect to plaintiff's other claims of error.

I.  **PROCEDURAL HISTORY**

Plaintiff filed an application for SSI on August 26, 2016, alleging disability beginning on June 1, 2011.[2] See Certified Transcript of the Administrative Record, Doc. #18, compiled on July 29, 2019, (hereinafter, collectively, "Tr.") at 193-201. Plaintiff's application was denied initially on February 24, 2017, see Tr. 109-12, and upon reconsideration on June 29, 2017. See Tr. 117-19.

On April 20, 2018, plaintiff, represented by Attorney Dennis G. Ciccarillo, appeared and testified at a hearing before Administrative Law Judge ("ALJ") Michael McKenna. See generally Tr. 49-80. On September 12, 2018, the ALJ issued an unfavorable decision. See Tr. 8-29. On September 6, 2019, the Appeals Council denied plaintiff's request for review, thereby making the ALJ's September 12, 2018, decision the final decision of the Commissioner. See Tr. 1-5. The case is now ripe for review under 42 U.S.C. §405(g).

II. **STANDARD OF REVIEW**

The review of a Social Security disability determination involves two levels of inquiry. First, the Court must decide

---

[2] The SSI application and the ALJ's decision reflect different onset dates. Compare Tr. 11 (ALJ decision noting alleged onset date of September 5, 2011), with Tr. 193 (SSI application noting alleged onset date of June 1, 2011). Because the onset date does not figure into the Court's discussion, the Court refers to the onset date alleged in the SSI application.

3

whether the Commissioner applied the correct legal principles in making the determination. Second, the Court must decide whether the determination is supported by substantial evidence. See Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998). Substantial evidence is evidence that a reasonable mind would accept as adequate to support a conclusion; it is more than a "mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The reviewing court's responsibility is to ensure that a claim has been fairly evaluated by the ALJ. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983).

The Court does not reach the second stage of review – evaluating whether substantial evidence supports the ALJ's conclusion – if the Court determines that the ALJ failed to apply the law correctly. See Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then does it determine whether the Commissioner's conclusions were supported by substantial evidence." (citing Tejada v. Apfel, 167 F.3d 770, 773-74 (2d Cir. 1999))). "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be

deprived of the right to have her disability determination made according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

"[T]he crucial factors in any determination must be set forth with sufficient specificity to enable [a reviewing court] to decide whether the determination is supported by substantial evidence." Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984) (alterations added) (citing Treadwell v. Schweiker, 698 F.2d 137, 142 (2d Cir. 1983)). The ALJ is free to accept or reject the testimony of any witness, but a "finding that the witness is not credible must nevertheless be set forth with sufficient specificity to permit intelligible plenary review of the record." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 260-61 (2d Cir. 1988) (citing Carroll v. Sec. Health and Human Servs., 705 F.2d 638, 643 (2d Cir. 1983)). "Moreover, when a finding is potentially dispositive on the issue of disability, there must be enough discussion to enable a reviewing court to determine whether substantial evidence exists to support that finding." Johnston v. Colvin, No. 3:13CV00073(JCH), 2014 WL 1304715, at *6 (D. Conn. Mar. 31, 2014).

It is important to note that in reviewing the ALJ's decision, this Court's role is not to start from scratch. "In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by

5

substantial evidence in the record and were based on a correct legal standard." Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012) (quoting Lamay v. Comm'r of Soc. Sec., 562 F.3d 503, 507 (2d Cir. 2009)).

### III. SSA LEGAL STANDARD

Under the Social Security Act, every individual who is under a disability is entitled to disability insurance benefits. 42 U.S.C. §423(a)(1).

To be considered disabled under the Act and therefore entitled to benefits, plaintiff must demonstrate that he is unable to work after a date specified "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). Such impairment or impairments must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §423(d)(2)(A); 20 C.F.R. §416.920(c) (requiring that the impairment "significantly limit[] ... physical or mental ability to do basic work activities" to be considered "severe" (alterations added)).

There is a familiar five-step analysis used to determine if a person is disabled. See 20 C.F.R. §416.920. In the Second Circuit, the test is described as follows:

> First, the Secretary considers whether the claimant is currently engaged in substantial gainful activity. If [s]he is not, the Secretary next considers whether the claimant has a "severe impairment" which significantly limits [her] physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Secretary will consider [her] disabled without considering vocational factors such as age, education, and work experience; the Secretary presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam). If and only if the claimant does not have a listed impairment, the Commissioner engages in the fourth and fifth steps:

> Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, [s]he has the residual functional capacity to perform [her] past work. Finally, if the claimant is unable to perform [her] past work, the Secretary then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of proof as to the first four steps, while the Secretary must prove the final one.

Id.

"Through the fourth step, the claimant carries the burdens of production and persuasion, but if the analysis proceeds to

7

the fifth step, there is a limited shift in the burden of proof and the Commissioner is obligated to demonstrate that jobs exist in the national or local economies that the claimant can perform given his residual functional capacity." Gonzalez ex rel. Guzman v. Dep't of Health and Human Serv., 360 F. App'x 240, 243 (2d Cir. 2010) (alteration added); Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009) (per curiam). The residual functional capacity ("RFC") is what a person is still capable of doing despite limitations resulting from his physical and mental impairments. See 20 C.F.R. §416.945(a)(1).

"In assessing disability, factors to be considered are (1) the objective medical facts; (2) diagnoses or medical opinions based on such facts; (3) subjective evidence of pain or disability testified to by the claimant or others; and (4) the claimant's educational background, age, and work experience." Bastien v. Califano, 572 F.2d 908, 912 (2d Cir. 1978). "[E]ligibility for benefits is to be determined in light of the fact that 'the Social Security Act is a remedial statute to be broadly construed and liberally applied.'" Id. (quoting Haberman v. Finch, 418 F.2d 664, 667 (2d Cir. 1969)).

However, "[w]hen there is medical evidence of an applicant's drug or alcohol abuse, the 'disability' inquiry does not end with the five-step analysis." Cage v. Comm'r of Soc. Sec., 692 F.3d 118, 123 (2d Cir. 2012) (citing 20 C.F.R.

8

§416.935(a)). If the claimant is found disabled, the decision-maker must then determine whether "alcoholism or drug addiction" is a "contributing factor material" to the disability determination, 42 U.S.C. §1382c(a)(3)(J), and whether the claimant would still be disabled if he stopped using drugs or alcohol, see 20 C.F.R. §416.935(b)(1). The claimant "bears the burden of proving that h[is] [substance abuse] is not material to the determination that []he is disabled." Cage, 692 F.3d at 123.

## IV.  THE ALJ'S DECISION

The ALJ concluded that plaintiff's impairments met the criteria for Listing 12.04 and that he was in fact, disabled, but that his substance use disorders were a contributing factor material to that finding, and, therefore, plaintiff was not "disabled" under the Act. See Tr. 11, Tr. 24. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date of August 16, 2016. See Tr. 13.[3] At step two, the ALJ found that plaintiff had the severe impairments of "major depressive disorder, anxiety disorder, alcohol use disorder, cocaine use disorder, opioid use disorder,

---

[3] There is a discrepancy between the application date referenced in the ALJ's decision and the Application Summary of record. Compare Tr. 13, with Tr. 193. The Court does not resolve this discrepancy given that this matter will be remanded for further administrative proceedings.

9

[and] cannabis use disorder[.]" Tr. 13. The ALJ found plaintiff's hypertension, hepatitis C, and low back pain to be non-severe impairments. See Tr. 14.

At step three, the ALJ determined that plaintiff's mental impairments, including plaintiff's "substance use disorders," met the requirements of Listing 12.04 (affective disorders) of 20 C.F.R. Pt. 404, Subpt. P, App. 1. See Tr. 14-16. The ALJ went on to find, however, that if plaintiff "stopped the substance use," he would not have an impairment, or combination of impairments, that meets or medically equals any of the listings. Tr. 17.

The ALJ next found that if plaintiff "stopped the substance use, [he] would have the [RFC} to perform a full range of work at all exertional levels but with the following non-exertional limitations: he can perform simple, routine tasks." Tr. 18. At step four, the ALJ concluded that if plaintiff "stopped the substance use, [he] would be able to perform past relevant work as construction worker II and metalizer." Tr. 22. Ultimately, the ALJ found plaintiff not disabled because his substance use disorder was a contributing factor material to the disability determination, concluding: "Because the substance use disorder is a contributing factor material to the determination of disability, the claimant has not been disabled within the meaning of the Social Security Act at any time from the date the

application was filed through the date of this decision." Tr. 24.

## V. DISCUSSION

Plaintiff timely filed this action for review and moves to reverse the decision of the Commissioner and remand for an award benefits, or in the alternative, to reverse and remand the cause for further administrative proceedings. See Doc. #20 at 1. Plaintiff asserts that the Court should reverse this matter and remand for a calculation of benefits because his mental impairments meet a listing and substantial evidence does not support the ALJ's materiality analysis. See Doc. #20-1 at 2-16.

Alternatively, plaintiff seeks a remand for further administrative proceedings based on the ALJ's alleged errors at steps two and four. See generally id. at 16-21. Specifically, plaintiff contends that the ALJ erred by failing to identify his degenerative disc disease and spinal stenosis of the cervical spine as severe impairments. See id. at. 16-18. Plaintiff also asserts that the ALJ failed to account for all of his limitations in the RFC, and therefore, the step four findings are not supported by substantial evidence. See id. at 18-20.

In response to plaintiff's motion, defendant has filed a motion for an order remanding the matter to the Commissioner. [Doc. #21]. Defendant concedes that the ALJ erred at step two, and therefore submits that "this case should be remanded for

11

further proceedings, rather than remanded for calculation of benefits." Doc. #21-1 at 2. Defendant "agrees with Plaintiff's contention that remand for further proceedings is warranted, giving Plaintiff the opportunity to attend an additional hearing and for the issuance of a new decision." Id. at 4. Defendant does not agree, however, that the ALJ erred in his materiality analysis regarding substance abuse. See id. at 5-11. In response, plaintiff asserts, in pertinent part, that the decision of the Commissioner "should be reversed and remanded for calculation of benefits based on his conditions meeting Listing 12.04 and the absence of evidence that DAA is material." Doc. #22 at 6.

Accordingly, the Court must determine whether to remand this matter for a calculation of benefits, or for further administrative proceedings.

    A. Applicable Law

Reversal with a remand solely for a calculation of benefits is an appropriate remedy only where "the record provides persuasive evidence of total disability that renders any further proceedings pointless." Stacey v. Comm'r of Soc. Sec. Admin., 799 F. App'x 7, 11 (2d Cir. 2020) (citation and quotation marks omitted); see also Munford v. Apfel, No. 97CV05270(HB), 1998 WL 684836, at *2 (S.D.N.Y. Sept. 30, 1998) ("[T]he determination of whether a remand would serve no purpose is a forward-looking

analysis. That is, the district court evaluates whether it would be pointless to remand a case since the totality of evidence the ALJ will consider suggests only one result.").

"In deciding whether a remand is the proper remedy, we have stated that where the administrative record contains gaps, remand to the Commissioner for further development of the evidence is appropriate. That is, when further findings would so plainly help to assure the proper disposition of the claim, we believe that remand is particularly appropriate." Butts v. Barnhart, 388 F.3d 377, 385 (2d Cir. 2004) (citations and quotation marks omitted). Accordingly, "[a] court should order payment of benefits only where the record contains persuasive proof of disability and remand for further evidentiary proceedings would serve no further purpose." Talanker v. Barnhart, 487 F. Supp. 2d 149, 160 (E.D.N.Y. 2007) (citation and quotation marks omitted)).

    B. Analysis

Plaintiff asserts that this matter should be reversed and remanded for a calculation of benefits because "his conditions meet[] Listing 12.04 and" there is an "absence of evidence that DAA is material." Doc. #22; see also Doc. #20-1 at 4. In support of that argument, plaintiff contends, inter alia, that the ALJ erred by assigning great weight to the opinion of non-examining medical consultant Dr. Chukwuemeka Efobi, and by assigning

13

partial weight to the opinion of consulting examiner Dr. Marc Hillbrand. See Doc. #20-1 at 5-11, 15-16.

"[T]he claimant bears the burden of proving that [his] DAA is not material to the determination that [he] is disabled." Cage, 692 F.3d at 123. DAA is material to a disability if the ALJ would not "find [the plaintiff] disabled if [the plaintiff] stopped using drugs or alcohol." 20 C.F.R. §416.935(b)(1) (alterations added). "To support a finding that DAA is material [in the setting of a co-occurring mental disorder], [the Commissioner] must have evidence in the case record that establishes that a claimant with a co-occurring mental disorder(s) would not be disabled in the absence of DAA." Social Security Ruling ("SSR") 13-02P, 2013 WL 621536, at *9 (S.S.A. Feb. 20, 2013) (alterations added). DAA will be found not material where "the evidence does not establish that the [plaintiff's] co-occurring mental disorder(s) would improve to the point of nondisability in the absence of DAA." Id. (alterations added). In considering whether DAA is material, the ALJ considers periods of abstinence, including the length of those periods and when they occurred. See id. at *12.

The only dispute between the parties is whether this matter should be remanded for a new hearing, or remanded solely for an award of benefits. The question now before the Court, therefore, is whether "the record provides persuasive evidence of total

14

disability that renders any further proceedings pointless." Stacey, 799 F. App'x at 11. Plaintiff asserts that further proceedings would be pointless because the ALJ found that plaintiff's mental impairments meet a listing with DAA, but "there is no substantial evidence to support a finding that he would not be disabled in the absence of DAA, or, alternatively, that there is no evidence that his mental disorders would improve to the point of non-disability in the absence of DAA." Doc. #20-1 at 4. The Court disagrees that the current record provides definitive proof of disability absent DAA.

The record reflects plaintiff's many emergency department visits and/or inpatient admissions for suicidal ideation. See Tr. 35, Tr. 437, Tr. 531, Tr. 570, Tr. 708, Tr. 1123-34, Tr. 1185. At the time of each visit or admission, plaintiff was intoxicated. See Tr. 437 (June 11, 2016, emergency department record: "pt presents obviously intoxicated. Reports depressed and wants to die." (sic)); Tr. 531 (September 15, 2016, emergency department record: "Chief complaint – Suicidal Ideations[.] ... Admits to 1 pint EtOH, last drink 3 hours ago."); Tr. 570 (September 7, 2016, emergency department record: "Per pt, he called girlfriend and said goodbye. Was planning on hanging self with clothes line when PD arrived.  ... Admits to EtOH." (sic)); Tr. 651 (September 29, 2016, treatment record noting that plaintiff "had suicidal ideation after binge

15

drinking[.]"); Tr. 708 (March 28, 2017, emergency department record: "Last drank 1 hr ago ... Patient brought himself to the hospital tonight stating that he has been drinking the past three weeks after being sober for 4 months, having suicidal ideations with plans to hurt himself, stating he would try all the things that failed him in the past."); Tr. 1124 (November 4, 2017, emergency department record: "Patient presents to the emergency department with complaints of increasing depression and having some suicidal thoughts. ... He has been drinking tonight, and has been feeling more depressed and having vague suicidal thoughts."); Tr. 1188 (March 20, 2018, emergency department record: "Patient reports feeling suicidal, after he saw a new psychiatrist today who would not prescribe benzos. Patient is a history of overdosing on benzos. the patient went home and took 45 15 mg mirtazapine as well as etoh." (sic)); Tr. 35 (August 14, 2018, emergency department record: "Patient is a 46-year-old divorced Caucasian male with a history of major depressive disorder and alcohol use disorder who presented to the emergency department intoxicated and reporting suicidal ideation.").

The record also reflects, however, two separate months-long periods when plaintiff abstained from alcohol. See, e.g., Tr. 632 (January 20, 2017, treatment note: "[A]lcohol abuse in remission since November 2016[.]"); Tr. 674 (February 10, 2017,

16

consultative examination: "He quit [drinking] on October 31, 2016. He underwent detox treatment at Rushford. ... He reports no relapses since that date."); Tr. 736 (April 26, 2017, Psychiatric Evaluation: "Patient reports to me now that he is clean and sober after being discharged from the hospital [on March 30, 2017], although he does admit to using on several occasions marijuana."); Tr. 850 (July 19, 2017, treatment note: "He is sober since March 2017."). Mental status examinations of plaintiff during these periods generally reflect mild mental impairments. See, e.g., Tr. 640, Tr. 645, Tr. 735-52, Tr. 762, Tr. 768, Tr. 853, Tr. 884, Tr. 935. Plaintiff did not report suicidal ideation during these periods of sobriety. See generally id.

Despite these largely normal mental status examinations when sober, recent records suggest that plaintiff's condition could be worsening. For example, in March 2018, plaintiff stated that "if [he] wasn't stressed out [he] wouldn't of been suicidal." Tr. 1190 (sic). Records from August 2018, which were not available to the ALJ, also note that plaintiff's suicidal ideation was triggered by "being overwhelmed with chronic pain, taking care of his elderly parents, and recent breakup, with the on and off girlfriend." Tr. 46; see also Tr. 30-48. Plaintiff also reported in August 2018 that "he has been feeling suicidal even when sober." Tr. 35. The ALJ did not have the benefit of

17

the August 2018 records when making his DAA materiality determination, and therefore could not take into account the possible deterioration in plaintiff's condition <u>separate</u> from plaintiff's substance use disorders. Accordingly, review of updated medical records could shed light on plaintiff's condition, and would "plainly help to assure the proper disposition of the claim[]".[4] <u>Butts</u>, 388 F.3d at 385. Moreover, given the errors claimed by plaintiff with respect to the materiality determination, including that the ALJ failed to properly weigh the medical opinion evidence, a remand for further proceedings, as opposed to a remand for a calculation of benefits, is the appropriate remedy.

Finally, this case does not have a history of a prior remand. "The 'no purpose' remand[] ... is grounded in equitable considerations and is often deployed where prior administrative proceedings and litigation have consumed an inordinate length of time." <u>Munford v. Apfel</u>, No. 97CV05270(HB), 1998 WL 684836, at *2 (S.D.N.Y. Sept. 30, 1998). Such equitable considerations are not present here. <u>Contra</u> <u>de Luise v. Barnhart</u>, No. 02CV02412(SJ), 2004 WL 502937, at *1 (E.D.N.Y. Mar. 9, 2004) (A

---

[4] To be entitled to an award of SSI, a claimant must only demonstrate that he or she became disabled at any time before the ALJ's decision. <u>See</u> 20 C.F.R. §§416.202, 416.203. Accordingly, the ALJ shall accept additional evidence that post-dates his August 20, 2018, decision.

18

reversal and remand for calculation of benefits was "particularly appropriate given that Plaintiff's application ha[d] been pending more than eight years and that a remand for further evidentiary proceedings (and the possibility of further appeal) could result in substantial, additional delay.").

Accordingly, for the reasons stated, the Court remands this matter to the Commissioner for further administrative proceedings. An Administrative Law Judge will conduct a new hearing, at which he or she will accept new evidence, including additional medical opinion evidence if necessary. The ALJ will re-weigh the medical opinion evidence of record. The ALJ will consider each of the errors claimed by plaintiff in his motion to reverse and/or remand, including the materiality of his substance use disorders. The ALJ will thereafter issue a new decision.

## VI. CONCLUSION

For the reasons set forth herein, plaintiff's Motion to Reverse the Decision of the Commissioner and/or to Remand to the Commissioner [**Doc. #20**] is **GRANTED, in part**, to the extent plaintiff seeks a remand for further administrative proceedings, and defendant's Motion for an Order Remanding the Decision of the Commissioner [**Doc. #21**] is **GRANTED,** as set forth above.

It is so ordered at New Haven, Connecticut, this 11th day of June, 2020.

```
                        /s/
            HON. SARAH A. L. MERRIAM
            UNITED STATES MAGISTRATE JUDGE
```