UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
JOHN CHRISTOPHER WOJTASZEK    :    Civ. No. 3:19CV01601(SALM)
                              :
v.                            :
                              :
ANDREW M. SAUL,               :    July 2, 2020
COMMISSIONER, SOCIAL          :
SECURITY ADMINISTRATION       :
                              :
------------------------------x
```

### ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES IN ACCORDANCE WITH STIPULATION

Plaintiff John Christopher Wojtaszek ("plaintiff") filed an application for Supplemental Security Income on August 26, 2016, alleging disability beginning on June 1, 2011. See Certified Transcript of the Administrative Record, Doc. #18, compiled on July 29, 2019, (hereinafter, collectively, "Tr.") at 193-201. Plaintiff's application was denied initially on February 24, 2017, see Tr. 109-12, and upon reconsideration on June 29, 2017. See Tr. 117-19. On April 20, 2018, plaintiff, represented by Attorney Dennis G. Ciccarillo, appeared and testified at a hearing before Administrative Law Judge ("ALJ") Michael McKenna. See generally Tr. 49-80. On September 12, 2018, the ALJ issued an unfavorable decision. See Tr. 8-29. On September 6, 2019, the Appeals Council denied plaintiff's request for review, thereby making the ALJ's September 12, 2018, decision the final decision of the Commissioner. See Tr. 1-5.

1

Plaintiff, represented by Attorney Ciccarillo, timely appealed that decision to this Court on October 11, 2019. See Doc. #1. On June 11, 2020, the undersigned granted defendant's motion for voluntary remand, and granted, in part, plaintiff's motion to reverse the decision of the Commissioner. See Doc. #27. Judgment entered on that same date. [Doc. #28].

On June 16, 2020, the parties filed a "Stipulation and Order to Award Attorney Fees & Cost" ("Stipulation"). [Doc. #29]. Thereafter, in response to an Order of the Court [Doc. #30], plaintiff's counsel filed an accounting of the attorney's fees sought, along with an application for an award of attorney's fees. [Doc. #31].

Although the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the fee application and determine whether the proposed fee award is reasonable. "[T]he determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation." Pribek v. Sec'y, Dep't of Health & Human Servs., 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (citation and quotation marks omitted); see also Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement

of the parties in the form of a proposed stipulation"). The Court therefore has reviewed plaintiff's itemization of hours incurred to determine whether the stipulated amount is reasonable.

For the reasons set forth herein, the Court **APPROVES and SO ORDERS** the parties' Stipulation [**Doc. #29**], and **GRANTS** the Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d) [**Doc. #31**], for the stipulated amount of **$8,049.55.**

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the Equal Access to Justice Act ("EAJA" or the "Act"), 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (citing Sullivan v. Hudson, 490 U.S. 877, 883 (1989)). In order for an award of attorney's fees to enter, this Court must find that (1) the plaintiff is a prevailing party, (2) the Commissioner's position was without substantial justification, (3) no special circumstances exist that would make an award unjust, and (4) the fee petition was filed within thirty days of final judgment. See 28 U.S.C. §2412(d)(1)(B).

In the itemization of the hours incurred in prosecuting this matter, plaintiff's attorney claims fees for 48.7 hours of work.

See Doc. #31-1 at 6. The parties have reached an agreement under which defendant would pay $8,049.55 in fees, which represents 38.6 hours of attorney time. See Doc. #31-1 at 3. Counsel for plaintiff represents that this amounts to an hourly fee of $206.84 for 7.4 hours of work performed in 2019, and $208.94 for 31.2 hours of work performed in 2020. See id. at 2. It is plaintiff's burden to establish entitlement to a fee award, and the Court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983) (interpreting 42 U.S.C. §1988, which allows a "prevailing party" to recover "a reasonable attorney's fee as part of the costs").[1] This Court has a duty to review plaintiff's itemized time log to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No. 3:11CV01768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

Here, the Court finds that plaintiff has satisfied the requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of

---

[1] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7.

4

fees may enter. Specifically, the Court finds that: (1) plaintiff is a prevailing party in light of the Court's ruling remanding this matter for further administrative proceedings; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed. See 28 U.S.C. §2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

In this case, plaintiff's counsel seeks payment for 38.6 hours of work, reduced from the total 48.7 hours actually incurred. See Docs. #29, #31. The administrative transcript in this case was comprised of 1,324 pages and plaintiff's counsel submitted a thorough and well-reasoned brief. The Court finds the time reasonable for the work claimed, including the: preparation of the Complaint [Doc. #1]; review of the administrative transcript [Doc. #18]; preparation of the motion to reverse [Doc. #20]; preparation of the statement of material facts [Doc. #20-1]; preparation of the response to defendant's motion for remand [Doc. #22]; and preparation for, and appearance at, oral argument [Doc. #23]. Cf. Rodriguez v. Astrue, No. 3:08CV00154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) ("Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during

5

the administrative proceedings." (citations and quotation marks omitted)); see also Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004); cf. Barbour v. Colvin, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014). The Court further finds that the 38.6 hours claimed is reasonable; "[c]ourts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10CV01930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012) (citations and quotation marks omitted); Cobb v. Astrue, No. 3:08CV01130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009).

Accordingly, the Court finds that the stipulated time is reasonable, particularly in light of the parties' agreement, which adds weight to the claim of reasonableness. Therefore, an award of $8,049.55 in fees is appropriate. Accordingly, the Court **APPROVES and SO ORDERS** the parties' Stipulation [**Doc. #29**], and **GRANTS** the Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d) [**Doc. #31**], for the stipulated amount of **$8,049.55.**

SO ORDERED at New Haven, Connecticut this 2nd day of July, 2020.

```
        /s/
Hon. Sarah A. L. Merriam
United States Magistrate Judge
```